STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TANNIA D. FIELDS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0851** (BOR Appeal No. 2048227)
                (Claim No. 2009062708)


**GENERAL MOTORS CORPORATION,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Tannia D. Fields, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. General Motors Corporation, by Matthew R. Whitler and Jason M. Stedman, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 31, 2013, in which the Board affirmed a February 26, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 23, 2012, decision requesting additional information concerning certain medical treatment reimbursements and denied other reimbursement requests. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Fields, an employee of General Motors Corporation, injured herself on September 19, 2008, when she strained her right ankle. Ms. Fields reported to the General Motors nurse who applied Biofreeze and a bandage to the right ankle. Ms. Fields had a negative reaction to the Biofreeze, and it caused a chemical burn to her leg. On January 18, 2011, Ms. Fields reported to Dearborn Orthopedics & Sports Medicine which submitted a request for an MRI of Ms. Fields's foot. The claims administrator denied the request for an MRI because it was not related to a

1

compensable injury. Ms. Fields also submitted a copy of the prescription referring her to physical therapy for the right leg. The copy of the prescription was illegible. The claims administrator granted Ms. Fields's request for physical reconditioning and a functional capacity evaluation. Ms. Fields then submitted voluminous records from various doctors and pharmacies requesting reimbursement for her medical expenses. The claims administrator responded with an itemized list of documents needed to process her claim. The claims administrator asked for the address "traveled from" and the address "traveled to" for each visit, as well as visit dates, and documentation showing that the visits were related to the workers' compensation injury. The documentation supplied by Ms. Fields neither contained diagnosis codes, nor provided records verifying what treatment was given. Many of the records did not indicate who paid for the services rendered. Ms. Fields also did not supply sufficient documentation to show that any of the supplies she requested for reimbursement were in relation to a compensable injury. Ms. Fields also asked for a pain management evaluation, which the claims administrator approved. The claims administrator denied reimbursement for the alleged expenses. Ms. Fields protested.

The Office of Judges determined that Ms. Fields failed to provide the requested information regarding mileage. Ms. Fields also did not provide addresses related to the treatment visits or diagnosis codes to which those visit were related. The Office of Judges noted that West Virginia Code of State Rules §§ 85-20-9.3, 85-20-9.7, and 85-20-9.8 (2006) require that the proper diagnosis code be provided in order to qualify for reimbursement. The Office of Judges also found that West Virginia Code of State Rules § 85-20-9.8 provides that written descriptions of procedures alone will not be sufficient. The regulation directs that pharmacy charges should be submitted using the on-line Point-of-Sale system but can also be reported on the Universal Claim Form. The Office of Judges also relied on West Virginia Code of State Rules § 85-20-9.13 (2006), which requires evidence of the type of supplies, a physician's prescription, and receipts or proof of payment. The Office of Judges found that while some of the billing documents might refer to the right foot, there were no medical notes or documentation of any kind to verify that the treatment Ms. Fields received was related to the right foot injury. The Office of Judges affirmed the claims administrator's decision denying reimbursement. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Ms. Fields has failed to supply appropriate documentation for the claims administrator to determine if she should be reimbursed for the medical treatment she received. Ms. Fields argues that she should not be denied reimbursement for her out-of-pocket expenses simply because neither she nor her health care providers completed the required forms. Ms. Fields asserts her sworn testimony and her exhibits clearly demonstrate that she has incurred, and paid for medical treatment. However, it is unclear from the evidence of record what treatment Ms. Fields received and whether the treatment was medically related and reasonably required in relation to the compensable injury. Furthermore the evidence lacks any indication concerning whether Ms. Fields paid for the treatment she received. Since Ms. Fields has not provided enough information for the claims administrator to process her claim, it was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II